## No. 37,352

GEORGE RICHARD OAKS, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(198 P. 2d 168)

Opinion filed October 9, 1948.

*John E. Buehler,* of Atchison, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

COWAN, J.: The petitioner for a writ of habeas corpus pleaded guilty to burglary in the second degree. He was arrested for the burglary of a store located at 308 South Main street, Hutchinson, Kan. The crime was committed on the 22d day of January, 1945, in Reno county. Don Shaffer of the Hutchinson bar, employed by the petitioner, represented him throughout the proceedings. Affidavits of Don Shaffer, and of Fred C. Preble, who was assistant county attorney of Reno county at the time in question and handled the case of the petitioner, have been submitted in this cause, together with the record.

The record and evidence presented herein establish that previously the petitioner had been convicted of felonies; that his attorney made an arrangement with the county attorney whereby, if the petitioner would plead guilty to burglary in the second degree, his

prior convictions would not be called to the court's attention and the imposition of the penalties of the habitual criminal act would not be exacted. The testimony further shows that part of the loot from the burglary was found on the person of the petitioner and that he had admitted the commission of the offense. Preliminary examination was waived by his attorney and when his case was called in the district court, petitioner voluntarily entered a plea of guilty to burglary in the second degree. The petitioner claims that he was proceeded against by information rather than by grand jury indictment and hence he was not afforded due process of law. This court has already decided that contention is without merit. (*Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.)

The prisoner contends he was denied the right to be represented properly by counsel. As we have already set out, he was represented by counsel of his own choosing. The court finds from the record and the evidence that he was properly represented by a capable attorney who conscientiously looked after the prisoner's interests.

A further ground for the application is that the petitioner was forced to enter a plea of guilty under coercion. Petitioner also contends that at the time of the entry of his plea, the prosecutor had information in his own office that petitioner was in jail at Hutchinson on the date of the commission of the crime and, hence, could not have been guilty of the offense charged, but that notwithstanding such information, the prosecutor permitted petitioner to plead guilty. We have examined the record and the affidavits in this case and find there was no coercion, that the prisoner was not in jail at Hutchinson at the time of the commission of the offense and that there could not have been in the office of the prosecutor evidence establishing the innocence of the petitioner.

One other ground in petitioner's application is to be noted, namely, that the journal entry does not comply with G. S. 1947 Supp., 62-1516, in that no reference is made to the section of the statute under which the judgment was rendered and sentence imposed. The journal entry is not complete in the respect named. We need not repeat what has been said in the case of *Wilson v. Hudspeth*, No. 37,356, this day decided. The procedure there outlined is to be followed in this case. The attorney general is directed to complete the journal entry in the manner set forth in that case. When the journal entry is completed as above outlined, the writ will be denied. It is so ordered.